IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JILL BEAVERS,<br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-12-2303 |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Jill Beavers's Motion for Leave to File First Amended Complaint ("Motion to Amend") [Doc. # 21], to which Defendants filed an Opposition [Doc. # 25], and Plaintiff filed a Reply [Doc. # 26]. Having reviewed the full record, applied governing legal authorities, and discussed the Motion to Amend with counsel at a recent hearing, the Court **denies** the Motion to Amend.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the

district court." *Pervasive Software Inc. v. lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). "Futility" in the context of a Rule 15 motion to amend means that the proposed "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Productions Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000); *see also Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 531 (5th Cir. 2004).

     Plaintiff seeks to amend her complaint to assert that the lien on her property and the power to sell the property to enforce the lien was void under Texas law, specifically Section 16.035 of the Texas Civil Practice & Remedies Code. Under paragraph (b) of that section, any "sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b). Paragraph (d) of § 16.035 provides that once the four-year limitations

P:\ORDERS\11-2012\2303MAmend.wpd   130107.1203

2

period expires, "the real property lien and a power of sale to enforce the real property lien become void." TEX. CIV. PRAC. & REM. CODE § 16.035(d).

Where, as here, a note or deed of trust secured by real property contains an optional acceleration clause, the four-year limitations period does not begin to run until the holder "actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* "Both notices must be 'clear and unequivocal.'" *Id*.

In this case, Defendants gave "notice of intent to accelerate" in September 2005, but did not give notice of acceleration until November 2011, less than four years before the foreclosure sale. As a result, any amendment to assert that the foreclosure sale was time-barred would be futile, and it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas, this **7th** day of **January, 2013**.

_____
Nancy F. Atlas
United States District Judge